Saeli v. Chautauqua County Mr. Tirolosi and Mr. Picciano Mr. Picciano You've divided the argument three minutes and two Mr. Tirolosi, you may proceed Thank you, Your Honor Good morning, Your Honors, and may it please the Court My name is Santo Tirolosi and we represent the appellant Samuel Saeli on behalf of the Seton Hall Law Center for Social Justice In a moment, my co-counsel will address Saeli's First Amendment legal mail claim and take any questions the Court may have on standing I will first address how defendants violated Saeli's Sixth Amendment rights by intentionally searching Saeli's jail cell for his legal mail intended for his criminal defense attorney then seizing, reading, and sending portions of that letter to the prosecuting district attorney's office As defendants concede, stating a viable Sixth Amendment Section 1983 claim requires only a showing of unreasonable interference with the plaintiff's right to access counsel under this Court's decision in Benjamin There, this Court rejected the argument Your position is the plaintiff need not show prejudice? Yes? That's correct, Your Honor, the plaintiff need not So if in a suit for, it's a 1983 suit for damages what damages could there be if he doesn't show any prejudice? Your Honor, this Court has held in Smith v. Coughlin that nominal damages are always available This Court said that even when a litigant proves to prove actual compensable injury he is entitled to an award of nominal damages upon proof of So that's all he's seeking on this 10th cause of action is nominal damages? No, Your Honor, he could seek nominal damages he could potentially seek injunctive relief for the fact that he is still held in Chautauqua County, as far as we know, Chautauqua County Jail and defendants have instigated that their conduct is perfectly constitutional and they may repeat it and he could also potentially seek punitive damages on these facts and additionally he could seek compensatory damages for the emotional harm done as a result of the violation of his constitutional rights Defendants concede that the standard is only unreasonable interference in their brief In Benjamin, this Court said that in the context of the right to counsel unreasonable interference with the accused person's ability to consult counsel is itself an impairment of the right I was going to say it's not clear to me from the pleadings whether there's really an allegation of unreasonable interference In other words, a lot of the other cases it's clearly marked legal mail There's an understanding that this is interfering with the attorney-client relationship but the complaint here conclusively asserts that there was a search of the cell legal mail was taken and then delivered but no allegation that it was marked as legal mail that it was clearly legal mail and isn't that a problem? No, Your Honor, because a pro se litigant is entitled to a charitable construction of his complaint and while the complaint does not in detail allege specific facts that his legal mail was not clearly marked it is plausible on these facts to suggest that it was marked in such a way that defendants knew it was legal mail and further, Mr. Scioli is prepared to allege that defendants But it seems like you're asking us to presume facts that weren't alleged No, Your Honor, because even beyond that, Mr. Scioli is prepared to allege that the defendants knew that they were searching for legal mail and that the defendant, Thomas Gilmore, intentionally What's alleged in the complaint to indicate that? Your Honor States conclusively they knew what they were doing and they took my legal mail but there's no facts alleged to indicate that this should have been obviously legal mail because it was marked as such or how they came to know that what they were searching for was legal mail Your Honor, you are correct that the complaint does not definitively allege that it was clear that it was legal mail However, the complaint does allege that Officer Gilmore intentionally searched for legal mail Even assuming it was marked as legal mail is there anything alleged with respect to this actually obstructing a relationship with counsel his ability to deal with counsel? Your Honor, the implications of First, Your Honor, under Benjamin there is no need to allege that to begin with However, even beyond that, Your Honor here there is a plausible allegation that a chilling effect would have been instituted by the seizure of his legal mail By seizing his legal mail once, Mr. Scioli was concerned that his legal mail might be seized again and if that happened In Benjamin we said that we consider whether the action unjustifiably obstructed the availability of professional representation Is there any allegation here that the seizure of this one piece of mail unjustifiably obstructed the availability of professional representation? Yes, Your Honor, because the seizure of the mail prevented Mr. Scioli from candidly communicating with his attorney in the future and beyond that, the letter was turned over to the prosecuting district attorney's office and the contents of the letter I'm sorry, how did it prevent him from candidly communicating with his attorney in the future? Because, Your Honor, Mr. Scioli was concerned that because the defendants had seized his mail in the past and might again seize it, especially considering that they said that they had the right to do so that he could not communicate via letter with his attorney But he could communicate orally That's correct, Your Honor, however, this court has expressly held in Smith v. Coughlin that just because there are alternative means of communicating with your attorney, that does not foreclose a claim But this was one incident that he alleges kind of in passing in connection with a move from one cell to another, right? I mean, it seems really quite conclusory and that he was moving him from the first floor and there was a draft that was, and he had written and as Judge Sullivan was inquiring, didn't seem to be marked in any way He makes no allegations about a policy or ongoing practice of doing this either with regard to him or other people also in pretrial detention I'm not sure how it would be reasonable to presume that he would be unable in the future to communicate with counsel Your Honor, on the facts here, the defendants have specifically said that the conduct they engaged in they perceive as being constitutional and they specifically told our client that he has no right of privacy in his jail cell and they can do this whenever they want On those facts, it is reasonable to presume that the conduct might recur and therefore, Mr. Scioli was concerned about communicating with his attorney Well, I mean, look, they're certainly allowed to search his cell, you wouldn't dispute that, right? No, Your Honor I mean, what they're supposed to do is not open envelopes that say legal mail, right? That's really what you're saying Yes, Your Honor, however, even beyond that, they're not supposed to So they just accidentally stumble upon some documents They want to make sure that it's not documents that are relating to security in the facility and it turns out to be legal mail In your view, that's an unreasonable intrusion and a Sixth Amendment violation No, Your Honor, the problem here is that the defendants here went way beyond that in turning over the letter to the prosecuting district attorney's office without any real justification That is the ultimate point of the unreasonable interference here If the defendants had simply read the letter and returned it to Mr. Scioli this might be a far different case But the fact that it was turned over to the prosecutor and in that sense, his confidence If it was an innocuous letter that was turned over to the prosecutor why would that matter? You seem to be suggesting that just the transfer alone makes this a different case regardless of what the content is, regardless of what the prosecutor did with it Your Honor, the reason it makes it a different case is because by turning it over to the prosecutor in that sense Mr. Scioli was chilled from communicating with his attorney for fear that the person I mean, it seems that you're asking us to assume that, to presume that And I think there are some other courts outside of the Second Circuit that have suggested as much that you can infer a chilling effect and that's all you need But we've never said that, right? As far as I'm aware, this court has not directly said that, Your Honor Benjamin seems to imply the opposite, right? It talks about an obstruction, which would presume some kind of prejudice has to be shown, right? Your Honor, respectfully, the way that we read Benjamin is that there is no requirement of showing of prejudice Benjamin itself directly says that unreasonable interference itself is a violation of the right and we read Benjamin to suggest that there is no requirement of prejudice Further, there are Supreme Court cases that tend to support that point as well For instance, in Perry v. Leek, the Supreme Court indicated that there are two types of Sixth Amendment claims and distinguished unreasonable interference claims from Strickland-type claims which do require a showing of prejudice Thus, Your Honor, we assert that the correct standard is unreasonable interference Note that there is no showing of prejudice required And we allege that the defendant's argument And a single instance is unreasonable in your view? Yes, Your Honor, a single instance of confiscating the mail would be unreasonable in our view And the fact that alternative means Even if it's accidental? No If it's accidental, that might be a different case, Your Honor How do we know here? All we know here is your client has asserted they knew Your Honor, that's true However, on these facts, he has asserted that they intentionally searched for the mail But without any basis for that I mean, so because he has asserted what their state of mind was, we have to accept that as true? Your Honor, at this point in time, I'm not entirely sure I'd have to give that some reflection Sorry No, you're way over, Charles You're infringing on Pichiano I think you've used all his time No, we're going to give him his two minutes Thank you, Your Honor Thank you, Mr. Tierney Thank you Mr. Pichiano Remind us you're covering the First Amendment The First Amendment claim, Your Honors Good morning, Your Honors, and may it please the Court My name is Robert Pichiano Also with the Seton Hall Law Center for Social Justice And also on behalf of Mr. Saielli It's well established that incarcerated individuals have the First Amendment right to the free flow of mail And this Court and the Supreme Court have held that that right is most protective of outgoing legal mail And it is highly protective against willful interference So we've held that an isolated incident of mail tampering is usually insufficient? That's correct That's all we have here, an isolated incident? Why is it sufficient? That's correct, Your Honor That's the quotation at the heart of this case from Davis That an isolated incident is usually insufficient And that is the core of defendants' argument However, that's not the entire standard Defendants advance a sort of per se rule that once is never enough to state a claim for a First Amendment violation In effect suggesting that they get one free bite of the apple Why is the one incident here sufficient in your view to state a constitutional violation? So for a couple of reasons, Your Honor First, in Davis, this Court also noted that where the allegations of interference are fewer in number Evidence of intent or harm that flowed from that interference is relevant But we don't have that here either, right? That's what we were just giving Mr. Jeralosi a hard time about Well, I mean, we don't have any information in the pleading about the frequency, the willfulness, or the effect of this trespass So respectfully, Your Honor, I would see the complaint differently Siley alleged that Officer Gilmore was directed to enter his cell to look for his legal mail But again, that's a conclusory statement There's no facts that he doesn't explain how he knew that He doesn't explain the basis for that conclusion It's the intent, it's an assertion of intent But usually, I mean, post-Iqbal and Twombly, you have to allege some facts Understood, Your Honor I think at this early stage where perhaps the District Court didn't even consider the First Amendment claim I think it's important to consider that Mr. Siley is an incarcerated pro se litigant Well, can I, I mean, pivot off of what you just said Yes, the District Court didn't consider this claim The District Court also dismissed with prejudice Yes Without an opportunity for leave to amend Even though pro se litigants are generally given an opportunity to amend And the District Court went off on the heck grounds Correct Which it seems like everybody even concedes probably no longer applies So maybe you could talk about that And whether the best resolution here is a remand for the opportunity In other words, vacate with respect to the dismissal with prejudice Remand so that there's at least an opportunity to perhaps replete and maybe develop some of these facts This is a serious issue I don't think anybody's disagreeing with either of you This is a really serious issue But it'd be hard to decide an issue this serious With such sketchy facts when we don't really know what the allegations are And with respect to heck, I understand that Mr. Siley from the public records That he has since been convicted again Yes After the vacate tour and was just sentenced Yes In the last day or two So that might affect, I suppose, how we think about heck Yes, it very well may, Your Honor And to return to Judge Sullivan's question I do agree that I think a remand is appropriate In part because the heck issue In part, both sides agree that it was certainly resolved at time when the conviction was vacated It may require a little bit more development on remand But as for the First Amendment issue As we brief, it's a standalone constitutional violation And doesn't implicate the invalidity Or wouldn't necessarily demonstrate the invalidity of his conviction Let me ask, though I mean, this was a tenth claim added to In a suit which involved I think he has two pending ongoing suits Yes And he had nine earlier claims Many of which had been dismissed He had been up here once before And there was a remand on an exhaustion issue He does not identify the First Amendment I don't believe in this tenth claim that's added He focuses on interference with his Sixth Amendment rights So he mentions the Eighth and Fourteenth Amendments as well Due process, failure to protect I mean, Mr. Saleh, unlike most pro se litigants Though he's not schooled in the law He has a lot of experience in the law He's been litigating quite a bit Maybe more than you, Mr. Pichino Very well, very well possibly, Your Honor Yeah, and he's had several You know, pursuing these various suits And adding claims He's had, though this particular one May have been dismissed with prejudice He's had a fair amount of opportunity to state claims And he has written at length He's clearly knowledgeable now In the law to some extent anyway So I wonder whether a remand to afford yet another opportunity To state a claim that seems questionable Based on our current case law Regarding needing more than one incident To allege an interference with the First Amendment Free flow of information Is appropriate in this circumstance To reverse the district court's decision Can you address that approach? Certainly, Your Honor I do recognize the tension that you're drawing out Where Mr. Saleh is at least among the relevant population Of incarcerated pro se litigants He's more sophisticated, we could say But I think if you look at the other side of it Under this court's decision in Treisman And Phillips v. Gurditch It's important to note that he, as a pro se litigant Nonetheless, need not allege the legal theory Or any legal theory at all That may arise from the facts that he has alleged But I'm still troubled by the fact that he Is very conclusory in his description Of this one incident in which a move was happening And a piece of mail was taken by Officer Gilmore And so it strikes me as not really inviting A First Amendment free flow of mail claim Am I just being too restricted in my reading, you think? I see where you're going, Your Honor And I think a couple of things One, I think remand is appropriate Because, as my co-counsel noted Further facts can be developed on remand Such that, for example, the mail is a letter A confidential letter to his criminal defense attorney Concerning his reflections on trial strategy His version of the events And even potential witnesses that he was contemplating calling Is that in his complaint? Is that in his claim that it concerned trial strategy? So that is not in his complaint But he is prepared to amend, to add those facts Okay, thank you All right, well, thank you We will reserve decision Let me thank you both